UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x **MEMORANDUM AND ORDER**
GARY LUCAS,                                                                    Case No. 12-CV-1599 (FB)

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
GARY LUCAS, *pro se*
70360-053
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

*For the Respondent:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:    CAROLYN POKORNY, ESQ.
         ELIZABETH LATIF, ESQ.
         Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Petitioner Gary Lucas ("Lucas"), appearing pro se, seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, his petition is denied.

**I**

        Following his guilty plea to a four-count indictment, Lucas was convicted of bank robbery, conspiracy to commit bank robbery, and use of a firearm during the commission of these offenses. *See* 18 U.S.C. §§ 1951(a), 2113(a), 924(c). The Court then sentenced Lucas to an above-Guidelines term of 294 months. Upon Lucas' appeal, and at the government's request, the Second Circuit remanded the case for re-sentencing in order to clarify that the Court had not improperly drawn an adverse inference from Lucas' silence

during sentencing regarding the location of unrecovered funds from the robbery. Accordingly, the Court proceeded to re-sentence Lucas to a 279-month term of imprisonment, which took into account both a four-level abduction enhancement and a two-level carjacking enhancement.[1] The Second Circuit subsequently affirmed Lucas' conviction and sentence following his second appeal. *See United States v. Lucas*, 428 F. App'x 57 (2d Cir. 2011).

In bringing this § 2255 petition, Lucas makes the following claims: (1) the Court violated his due process rights by improperly placing on him the burden "to disprove a fact that was the basis for an enhanced sentence"; (2) the Court erred by including carjacking and abduction enhancements in calculating his offense level; (3) the Court erred in imposing a mandatory minimum consecutive sentence pursuant to 18 U.S.C. § 924(c); and (4) Lucas' counsel rendered ineffective assistance during the *Fatico* hearing when he failed to properly question witness Efrain Hernandez for the purposes of establishing that a carjacking had not occurred.

## II

Lucas' first two grounds for relief set forth arguments that were previously addressed by the Second Circuit on appeal and must therefore be denied. He initially argues that "it was denial of due process of law" for the Court to improperly place the burden on him "to disprove a fact that was the basis for an enhanced sentence." Although he does not

---

[1]These enhancements were included because Lucas' crimes involved the robbery of an armored truck carrying three employees of Coin Devices Corporation ("CDC"). In committing the above-referenced crimes, Lucas was aided by co-conspirators Kenneth Cobb and Gerard Howard, the latter of whom also worked at CDC and was one of the three employees in the truck at the time of the robbery.

further elaborate upon this claim in his § 2255 petition, Lucas previously set forth this argument on appeal, contending that the Court "impermissibly penalized him for exercising his Fifth Amendment rights and remaining silent at sentencing as to the location of the money stolen during the course of the bank robbery." *See Lucas*, 428 F. App'x at 59-60. The Second Circuit addressed this claim and found that "[t]he argument is without merit." *Id.* In so holding, the appeals court found that during the course of re-sentencing Lucas, the Court "made it abundantly clear that it was not 'placing any burden on Lucas at all,' but was instead 'strictly dealing with the facts' as established through the government's evidence." *Id.* at 60. The Second Circuit also went on to find that it was proper for the Court to impose an upward variance in Lucas' sentence by relying upon the more than $1 million that was never recovered as part of the "nature and circumstances of the offense" pursuant to 18 U.S.C. § 3553(a)(1). *Id.*

Similarly, the Second Circuit considered and rejected Lucas' argument that the Court erred by including carjacking and abduction enhancements in calculating his offense level. Lucas contends that "the offense conduct did not justify applying the [two-level] carjacking enhancement," and that the four-level abduction enhancement was improper "because there was no abduction" but rather only "physical restraint" which instead merited a two-level enhancement. In addressing these claims, the Second Circuit found "no error in the [Court's] conclusion that the crime — which unquestionably turned on the taking, by force, of the armored truck from its rightful owner and intended purpose — constituted a 'carjacking' for purposes of the enhancement." *Id.* at 59. Likewise, it concluded there was "no error in the

3

finding that defendants 'abducted' the two non-participating armored truck employees by tying them up and transporting them, in the truck to a different location." *Id.*

Because the Second Circuit has already considered and rejected these first two of Lucas' § 2255 arguments on appeal, the Court may not now revisit them upon Lucas' habeas petition. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("[T]he so-called mandate rule bars re-litigation of issues already decided on direct appeal.") (citing *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006)).

Lucas next argues that the Court violated his rights in imposing a mandatory minimum consecutive sentence pursuant to 18 U.S.C. § 924(c). Although he also raised this argument on appeal, he subsequently withdrew the challenge at oral argument, conceding that the claim was foreclosed by *Abbott v. United States*, 131 S. Ct. 18 (2010). Accordingly, the Second Circuit did not further address the issue. The Supreme Court's opinion in *Abbott* holds that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction." *Abbott*, 131 S. Ct. at 23. Lucas does not contend that he was not convicted under the statute, or that his § 924(c) conviction was in error—he simply objects to a mandatory minimum consecutive sentence being imposed due to such a conviction. As his argument is foreclosed by *Abbott,* he is not entitled to habeas relief on this ground.

Finally, Lucas argues that his counsel rendered ineffective assistance during the *Fatico* hearing when he failed to properly question witness Efrain Hernandez, one of the CDC employees who had been operating the armored truck at the time of the robbery. Specifically, Lucas argues that his counsel should have asked Hernandez if at any time fellow CDC employee, and co-conspirator, Gerard Howard ever "relinquish[ed] dominion and control of

4

the [steering] wheel" in the armored truck. Lucas contends that had counsel posed this question to Hernandez, he would have answered in the negative, which would have established that a carjacking had not occurred and thus Lucas would not have been subject to the two-level carjacking enhancement.

To prevail on his ineffective assistance of counsel claim Lucas must show "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonably professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

The Court finds that Lucas cannot establish ineffective assistance of counsel on this claim. As the Court previously explained to Lucas at the time of his re-sentencing, apart from co-conspirator Howard, the two other CDC employees in the armored truck "were a collective part of the safe and appropriate operation of th[e] [truck]" and had "some opportunity to control the operation of the vehicle." Because they were bound and tied by Lucas and Cobb, these two employees were forced to relinquish their responsibility and control over the vehicle, thus warranting the carjacking enhancement. The Court therefore finds that the decision by Lucas' counsel not to ask Hernandez about Howard's relinquishment of control over the steering wheel was a reasonable one. *See Jameson v.*

5

*Coughlin*, 22 F.3d 427, 429 (2d Cir. 1995) (Sixth Amendment does not require counsel to "press meritless arguments"). Likewise, for this same reason the Court also holds that Lucas cannot establish any prejudice resulting from counsel's decision.

### III

For the foregoing reasons, Lucas' motion to vacate his sentence pursuant to § 2255 is denied. As he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                                _____
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
January 23, 2013